**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 250482-U

Order filed August 10, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| JOHN TOMPKINS, | ) | Du Page County, Illinois, |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | Appeal No. 3-25-0482 |
| and | ) | Circuit No. 17-D-1175 |
| | ) | |
| AMY ITOKU, | ) | Honorable |
| | ) | Leah D. Setzen, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BERTANI delivered the judgment of the court.
Presiding Justice Hettel and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court properly dismissed motion to modify maintenance when the motion failed to plead sufficient facts to constitute a substantial change in circumstances required to allow the court to consider modification.

¶ 2    Respondent, Amy Itoku, appeals the Du Page County circuit court's dismissal of her motion to modify maintenance. She argues that she properly plead sufficient facts in her motion to establish a substantial change in circumstances that allowed her to seek a change in the parties' maintenance schedule and an increased amount of maintenance. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Amy married petitioner, John Tompkins, in August 1996. Two children were born from the marriage. At the time of this appeal both children are emancipated.

¶ 5        The parties received a judgment for dissolution on March 6, 2019. The judgment referenced a marital settlement agreement (MSA) agreed upon by the parties prior to entry of the judgment. At the time of dissolution, Amy had been a full-time homemaker for a substantial period of time, and John was self-employed as a portfolio manager.

¶ 6        Regarding maintenance payments, the MSA acknowledged that John had an unsteady income stream due to his self-employment. To accommodate for this uncertainty, the parties agreed that John would pay Amy $6,500 per month, which would be treated as a "draw" from her annual maintenance. Once John filed his annual taxes, he was to provide this information to an accountant who would "true up" Amy's maintenance. How much she would receive would be based on a percentage of John's income. The chart provided in the MSA listed income ranges and the percentage of that income Amy would receive. It stated that Amy received 0% of John's after-tax net income derived from his gross income over $4 million. The income to be used to calculate Amy's share included any employment-related income, such as anything recorded as W-2 wages, tips, and anything reported on a 1099-MISC or Schedule K-1 form.

¶ 7        Amy filed several motions to modify maintenance payments since the marriage was dissolved requesting an increase in maintenance due to changes in their standards of living and her decline in health since the dissolution. Each were dismissed at the pleading stage. The motion which is the subject of this appeal requested that the court change how the parties calculated maintenance each year, as John now had a more consistent income. Specifically, she requested

that she be paid the maximum she could under the agreement—$478,000—regardless of whether John actually earned enough under the chart provided in the MSA to support that sum.

¶ 8    She argued John's transition from self-employment to salaried employee, resulted in a more steady and predictable income and constituted a substantial change in circumstance that would justify modifying the maintenance agreed to in the MSA. Amy explained that at the time the MSA was signed, John was self-employed with a variable income. Now that he has a more stable income, she argued that the MSA should be modified to provide for a less complicated computation of her maintenance. She also alleged that John made more than four times as much in his current job as when he was self-employed and earned his income on a more standard monthly basis. Amy argued that the calculations for maintenance and the September true up deadline for the prior year are no longer necessary as a result of those changes. She also listed John's remarriage, her increased medical expenses and her decision to reduce lifestyle expenses as other substantial changes in circumstances. Finally, she requested that the court "increase and otherwise modify John's maintenance obligation to achieve a just and equitable result."

¶ 9    John argued that the income cap prevented Amy from requesting a modification based on any increase in income; however, Amy argued that the MSA stated that any party could request a modification based on the factors of section 510 of the Illinois Marriage and Dissolution of Marriage Act (Act), which includes increase in income. 750 ILCS 5/510(a-5) (West 2024). Amy argued there was no reason for her to be uncertain about her maintenance. Due to the uncertainty with how much she received every year, she voluntarily "cut back" on things she enjoyed throughout the marriage such as streaming services, vacations, health club memberships, vehicles, and help around the house. Further, Amy has experienced health problems since the dissolution, leading to an increase in expenses of approximately $10,000. Amy argued that the above

3

constituted a substantial change in circumstance since dissolution and requested an increase in John's maintenance obligation.

¶ 10    John filed a motion to dismiss Amy's motion under both sections 2-615 (count I) and 2-619 (count II) of the Code of Civil Procedure (Code), arguing that Amy had not plead anything that would constitute a substantial change in circumstance that was not already contemplated during the entry of the judgment and MSA and that such circumstances specified in the order may be used as a defense when determining whether a substantial change has occurred. 735 ILCS 5/2-615, 2-619 (West 2024). The circuit court granted John's motion after a hearing stating:

> "[T]he parties' marital settlement agreement already takes into account [John's] change of employment from self-employment and the possibility of [John] receiving various forms of compensation, which renders those circumstances also expressly foreseeable and, therefore, insufficient to warrant modification of the order.
>
> The Court again reiterates that the parties' marital settlement agreement contains a detailed five-page description of how to calculate maintenance and what maintenance should be based on in different scenarios of income ***. That one or more of those scenarios has since come to pass simply cannot be considered a change of circumstances to change the very methodology that anticipated same.
>
> ***
>
> [Amy] also alleges in support of substantial change in circumstances that uncertainty in her maintenance payments has cost her to voluntarily reduce expenditures. As indicated earlier, substantial change in circumstances as required under Section 510 of the Illinois Marriage and Dissolution of Marriage Act means

4

that either the needs of the spouse receiving maintenance or the ability of the other spouse to pay that maintenance has changed. That [Amy] has chosen to adjust her spending because of an uncertainty in maintenance payments due to the varying income of the petitioner is not an allegation of a substantial change in the needs of the respondent or in the ability of [John] to pay the maintenance.

Finally, [Amy] alleges that her increased health-related expenses of approximately $10,000 in calendar year are allegations of a substantial change in circumstances sufficient to survive a 2-615 motion to dismiss her pleading. However, [Amy] makes no allegations of fact that she is unable to meet this increased expense or that this increase in expense has substantially increased her need for increased maintenance. Not all changes in circumstance constitute a substantial change in circumstances for purposes of modifying the support order."

¶ 11     Regarding John's motion to dismiss pursuant to section 2-619 of the Code, the court stated:

"The Court does believe that the other affirmative matter voiding the legal effect of defeating a claim is that the parties agreed to contract for a maintenance cap on the petitioner's gross annual income in excess of $4 million. Therefore, the Court grants the combined motion to strike and dismiss pursuant to Section 2-619 as to Count 1 and denies it as to Count 2."

¶ 12     The written order indicated that "Petitioner's Combined Motion is granted with prejudice with respect to Count I - §615 and denied with respect to Count II - §619."

¶ 13     Amy appeals these decisions.

¶ 14                                    II. ANALYSIS

¶ 15        Amy essentially raises two issues on appeal. First, Amy argues that the circuit court erred when it dismissed her motion to modify maintenance under section 2-615 of the Code because she sufficiently established a substantial change in circumstance that justified a modification in spousal maintenance. She also argues that the court should not have dismissed her motion under section 2-619 of the Code because there was no cap placed on John's income that limited her ability to request a modification of maintenance.

¶ 16        John filed a motion to dismiss Amy's motion to modify maintenance pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2024)). In his motion and now on appeal, John argues Amy's motion should be dismissed pursuant to section 2-615 (735 ILCS 5/2-615 (West 2024)) because the increase in his income was considered by the circuit court and addressed by the parties in the MSA and pursuant to section 2-619 (*id.* § 2-619) because John's potential to earn more than $4 million a year was known to the parties at the time they agreed to the terms of the MSA and had indeed occurred during the marriage. We will address the court's decision regarding dismissal under section 2-615 first.

¶ 17        A dismissal based on a section 2-615 motion to dismiss challenges the sufficiency of the motion to modify based upon defects apparent on its face. *In re J.W.*, 2017 IL App (2d) 160554, ¶ 35. The relevant inquiry is whether the allegations in the original motion, when considered in the light most favorable to Amy as the movant, are sufficient to state a cause of action upon which relief may be granted. *Bonhomme v. St. James*, 2012 IL 112393, ¶ 34. "All well-pled facts in the complaint must be taken as true, but conclusions of law will not be taken as true unless supported by specific factual allegations." *In re J.W.*, 2017 IL App (2d) 160554, ¶ 35. The circuit court may dismiss a pleading pursuant to section 2-615 "only if it is clearly apparent that no set of facts can be proved that would entitle the [movant] to relief." *Wilson v. County of Cook*, 2012 IL 112026, ¶

6

14. We review *de novo* an order granting a section 2-615 motion to dismiss. *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 47.

¶ 18    John's motion first argues that Amy failed to allege a sufficient cause of action upon which relief may be granted, because she does not plead facts which establish that a substantial change in circumstance has occurred. Section 510(a-5) of the Act provides that an order for maintenance may be modified or terminated "only upon a showing of a substantial change in circumstances." 750 ILCS 5/510(a-5) (West 2024). A substantial change in circumstances requires a change in either the needs of the spouse receiving maintenance or the ability of the other spouse to pay the maintenance obligation. *In re Marriage of Shen*, 2015 IL App (1st) 130733, ¶ 132. Where a party has shown a substantial change in circumstances, a court may modify a maintenance award but is not required to do so. *In re Marriage of Anderson*, 409 Ill. App. 3d 191, 204 (2011). The person seeking the modification bears the burden of establishing a substantial change in circumstances sufficient to warrant the relief requested. *In re Marriage of Bernay*, 2017 IL App (2d) 160583, ¶ 14; *Shen*, 2015 IL App (1st) 130733, ¶ 132; *Anderson*, 409 Ill. App. 3d at 198; *In re Marriage of Krupp*, 207 Ill. App. 3d 779, 790 (1990).

¶ 19    Amy asserts that she did in fact plead all that is required for a cause of action for modification of the maintenance award based upon a substantial change in circumstance. She lists several factors that she asserts create a substantial change in circumstance, including John's change from self-employed to a salaried employee, his significant increase in salary, his ability to receive help in his day-to-day expenses by way of his new spouse's salary, and Amy's medical expenses and reduction in lifestyle expenses. In dismissing Amy's motion to modify, the circuit court found her allegations did not amount to a substantial change in circumstances. It reasoned that John's employment status and salary were already accounted for in the MSA and Amy's changes in

7

expenses did not indicate any hardship or need on her part that would require a modification in maintenance. We agree.

¶ 20    Regarding John's increase in income and change in employment status, these factors were considered and addressed in the MSA. As noted by the circuit court, the MSA included the parties' specific consideration of John's potential to change employment status. The relevant provision stated that John's income each year would be calculated based on several types of income streams, including wages from an employer. The MSA clearly contemplated that John may not remain self-employed and could return to working for another business in the future. Its language addressed this possibility, thereby eliminating the need to modify maintenance for this change. Moreover, John's increase in income was also contemplated, as the MSA's charting of income ranges included calculations for an income of over $4 million.

¶ 21    As for Amy's increase in medical expenses and reduction of lifestyle expenses, these alone do not rise to substantial changes in circumstance. Specifically, Amy does not allege that, due to the change in how she allocates her expenses, her needs have changed or that she has any difficulty in paying for her expenses due to any of these changes. *Shen*, 2015 IL App (1st) 130733, ¶ 132 (a substantial change in circumstance requires a change in either the needs of the receiving spouse or the ability of the other spouse to pay maintenance). While she alleges in her motion that her life circumstances have changed, she fails to allege that her needs have changed as a result of those changes or that she was forced to reduce these expenses because she did not receive enough in maintenance. She does not allege any financial burden having been placed on her due to the maintenance amount she receives or her new medical expenses, the latter which equates to just over 2% of the maximum net income available to her under the MSA. The motion to modify is thus insufficient regarding these factors.

8

¶ 22 The last factor Amy argues creates a substantial change in circumstance, John's remarriage to a person who contributes to his own bills and household expenses, is likewise unpersuasive. The fact that John's spouse also works and contributes to the household expenses does not change the fact that Amy agreed that she would not receive any percentage of John's income in excess of $4 million.

¶ 23 Accordingly, considering the allegations in the light most favorable to Amy as the moving party, she has failed to state a cause of action for modification based on a substantial change in circumstances. See *Sheffler*, 2011 IL 110166, ¶ 61. As the circuit court explained at the hearing, the fact that one or more of the scenarios contemplated in the provisions calculating maintenance have come to pass does not constitute a substantial change in circumstance that allows for modification of maintenance. No new circumstances have occurred that were not already accounted for in the MSA. The circuit court thus properly dismissed her motion to modify maintenance pursuant to section 2-615 of the Code.

¶ 24 Amy also challenges the circuit court's decision to dismiss pursuant to section 2-619 of the Code. A motion to dismiss filed under section 2-619 admits the legal sufficiency of the pleading but contends that an affirmative matter precludes the claim. *Illinois Road & Transportation Builders Ass'n v. County of Cook*, 2022 IL 127126, ¶ 10. Affirmative matters may include arguments that the claim is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." See 735 ILCS 5/2-619(a)(4), (9) (West 2018). We review the circuit court's dismissal of such a pleading *de novo*. *Illinois Road*, 2022 IL 127126, ¶ 10.

¶ 25 John argues that there is a conflict in the record making it unclear whether the court actually granted the motion pursuant to section 2-619 of the Code. The circuit court stated during the hearing that it would "grant[] the combined motion to strike and dismiss pursuant to Section 2-619

9

as to Count 1 and den[y] it as to Count 2," while the written order clearly provides that Count 2, dismissal under section 2-619, was denied. When a conflict exists between the oral and written orders, the oral pronouncement prevails. *In re Tr. O.*, 362 Ill. App. 3d 860, 868 (2005). Thus, we look at the court's statements from the hearing to determine whether the motion was granted or denied.

¶ 26 Here, the oral proclamation from the court is unclear. While the court acknowledged that the affirmative matter to examine is the income cap described in the MSA, it also stated that "Count II" was denied. The only pleading before it that contained a second count was John's motion to dismiss, wherein "Count II" requests that the court dismiss Amy's motion pursuant to section 2-619 of the Code. However, we need not decide whether the circuit court granted or denied this portion of John's motion, nor do we need to decide whether the court properly granted it if it did, because we find that the circuit court properly dismissed Amy's motion under section 2-615. See *Rogalla v. Christie Clinic, P.C.*, 341 Ill. App. 3d 410, 424 (2003).

¶ 27                                                      III. CONCLUSION

¶ 28 The judgment of the circuit court of Du Page County is affirmed.

¶ 29 Affirmed.